*KENNER & AL. vs. THEIR CREDITORS.*

If on a comparison of the day of acceptance, the day designated for payment, and the tenor of the bill, it appears that the days of grace were included with those of sight, between the day of acceptance and that designated for payment, that day is the peremptory one of payment, and protest on it is legal.

If the acceptance on it be not dated, parol evidence is admissible, to shew on what day it was made.

APPEAL from the court of the parish and city of New-Orleans.

[For the facts in this case, the reader is referred to 8th Martin's Reports, n. s. page 36.]

If, on a comparison of the day of acceptance, the day designated for payment, and the tenor of the bill, it appears that the days of grace were included with those of sight, between the day of acceptance and that

PORTER, J. delivered the opinion of the court. The appellants were placed in the tableau of distribution, as holders of bills of the insolvents, to which the same objection was made as to those held by the Bank of the United States, who were also creditors in this *concurso*. See *vol. 8, Martin, n. s. page* 36.

In that case, we overruled the objection, and we see no reason to change our opinion.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, that the appellants be replaced on the tableau, and the appellees pay the costs of this appeal.

*Eastern District.*
*May, 1830.*

KENNER & AL.
*vs.*
THEIR CREDITORS.

designated for payment, that day is the peremptory one of payment, and protest on it is legal.

If the acceptance on it be not dated, parol evidence is admissible to show on what day it was made.