Morphy, J.
This suit was commenced by attachment, in the name of Thomas P. White, to whose rights Charles A. Poole, the present plaintiff, was afterward subrogated. A judgment having been rendered therein, an execution was issued against the defendants, under which James R. Conway was made a garnishee, and interrogatories propounded to him pursuant to the statute of 1839, authorizing such a proceeding. On his failure to answer within the delay allowed by law, judgment was entered up against him, on plaintiff’s motion, for the amount claimed, with interest and costs. From this judgment the garnishee took a suspensive appeal.
' ■ The appellant’s counsel has made a variety of points, of which it is deemed necessary to notice only the following.
-■"\lt-is contended, that no final judgment could be given against the garnishée on an ex parte motion ; that a rule to show cause 'should Jiave been, resorted to, or, at least, that the judgment, on -his negfécf to answer, should have been one by default, as on the':failure. of a defendant to answer in an ordinary suit. Art. 263 of the Code of Practice declares, that the garnishee’s neglect or refusal to answer interrogatories propounded to him, shall be considered as a confession of his having in his hands property *485 belonging to the debtor sufficient to satisfy the demand of the plaintiff, and that judgment shall be rendered against him for the amount of such demand, with interest and costs. Such being the legal effect of the garnishee’s neglect to answer interrogatories, no rule or notice to him is required before the rendition of the judgment, which follows as a necessary consequence. It is otherwise when the garnishee denies being indebted to the defendant, and his answers are sought to be disproved ; in such a case, an issue is joined, and in the contest which arises thereupon, an opportunity must be allowed him of being heard before he is condemned, as was held in Rockwell et al. v. Smith et al. 1 La. 280. The judgment contemplated by art. 263 is, in our opinion, a final judgment, and not one by default, requiring for its confirmation the lapse of three judicial days, and proof to be adduced on the part of the plaintiff. Code of Pract. art. 312. On the confession of indebtedness, resulting from the garnishee’s neglect to answer, the law authorizes against him a final judgment, in the same manner as against a defendant in an ordinary suit who should appear in court and admit the debt. Code of Pract. art. 263. B. & C’s Dig. 458. 5 La. 83.
It is next urged, that a seizure was made under the attachment in the hands of the Sheriff of the Commercial Court, of property sufficient to satisfy the plaintiff’s claim, and that until it is shown that the property thus seized has been legally disposed of, and has proved insufficient, no judgment can be, or should have been given against the appellant. The marshal’s return on the writ of attachment says, “ that he executed the within writ by seizing in the hands of hi. Lasere, Sheriff of the Commercial,. sums of money, rights, credits, and property defendants, to an amount sufficient to satis This return furnishes no evidence that the da any property in the hands of Lasere, or thalj seized. Such a vague and general seizure, wheil ed up by interrogatories and the answers of a gat* what has been seized, proves nothing, and would’* to bring into court an absent defendant under our attachment laws. It was, no doubt, intended to be followed by a garnishment ) but the defendants made their appearance in court, and *486 pleaded to the merits, thus rendering superfluous any further proceeding under the writ of attachment.
In the other positions assumed by the appellant’s counsel, he seems to have entirely lost sight of the law of 1839, providing for garnishment after a judgment has been rendered in a suit, and an execution is placed in the hands of the Sheriff.

Judgment affirmed.